**Mitchell BROWN, Plaintiff—Appellant,**

v.

**VERIZON DIRECTORIES SALES CORP., a Delaware corporation, Defendant—Appellee.**

No. 04–35345.

D.C. No. CV–02–00507–MWM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 14, 2005.

Decided Oct. 5, 2005.

Jennifer L. Hungerford, Esq., The Hungerford Law Firm, Oregon City, OR, for Plaintiff–Appellant.

Scott N. Hunt, Esq., Matthew B. Duckworth, Esq., Busse and Hunt, Charles F. Adams, Esq., Chris Kitchel, Stoel Rives, LLP, Portland, OR, for Defendant–Appellee.

Before FISHER, GOULD and BEA, Circuit Judges.

MEMORANDUM *

Mitchell Brown appeals the district court's grant of summary judgment in favor of Verizon on his claims for employment discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and its Oregon counterpart, Or.Rev. Stat. § 659A.112. We affirm. Because the parties are familiar with the facts, we do not recite them in detail.

The district court correctly concluded that Brown's depression did not qualify as a disability under the ADA because Brown failed to demonstrate that his impairment was "long-term." [1] *See Sanders v. Arneson Products, Inc.,* 91 F.3d 1351, 1354 (9th Cir.1997). To prove he is disabled under the ADA, Brown must establish that his episodes of depression have been caused by or are related to a long-term underlying condition. *Id.* Brown has presented no evidence to connect the depression he experienced in November 2002 and early 2003 to the depression he experienced during his employment with Verizon in late 2001. The record suggests that a breakup with a girlfriend contributed to Brown's depression while he was employed at Verizon, and Brown's medical reports state that he exacerbated his condition by excessively drinking alcohol. By contrast, there is no evidence that Brown was dealing with a relationship issue during the November 2002 episode, and the doctor's affidavit from November 2002 stated that Brown's "tests and response to treatment [during that episode] did not indicate the presence of [alcohol abuse]."

Brown admits that he was not disabled when he started working for Verizon in July 2001 and his medical records do not suggest he suffered from depression before that time. In addition, Brown's doctor authorized him to return to work on December 11, 2001, just six weeks after the initial diagnosis. Finally, Brown certified on January 8, 2002 that he did not have "a physical or mental disability that constitutes a substantial barrier to employment." Because Brown's depression was a short-term condition, it was not of sufficient duration to qualify as a disability under the ADA. *See id.*

Brown also fails to raise a genuine issue of material fact as to whether Verizon regarded him as disabled or whether he has a record of a disability. The record contains no evidence showing that Verizon considered Brown to be disabled. *Cf. Holihan v. Lucky Stores, Inc.,* 87 F.3d 362, 366 (9th Cir.1996). Finally, 29 C.F.R. § 1630.2(k) requires that Brown have a history of or have been misclassified as

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Because we determine that Brown was not disabled under the meaning of the ADA, we do not address whether Brown was a qualified individual, whether he requested a reasonable accommodation or whether he suffered an adverse employment action because of a disability.

having an *actual* disability to have a record of such a disability. Brown has failed to show he suffered from an actual disability under *Sanders* and he offers no evidence to show he has been misclassified as disabled.

The judgment of the district court is AFFIRMED.